**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 97-4444

ANTONIO L. YOUNG, a/k/a Tony,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Solomon Blatt, Jr., Senior District Judge.
(CR-96-241)

Submitted: January 13, 1998

Decided: January 27, 1998

Before WIDENER, HALL, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Ann Briks Walsh, Assistant Federal Public Defender, Charleston,
South Carolina, for Appellant. Robert Hayden Bickerton, Assistant
United States Attorney, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Antonio Young pled guilty to conspiracy to possess with intent to distribute and to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 846 (1994). The court sentenced Young to imprisonment for eighty-four months, followed by supervised release for five years.* Young appeals his conviction and sentence. Young's attorney filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), addressing whether the district court complied with the requirements of Fed. R. Crim. P. 11 in accepting Young's guilty plea and whether the court properly imposed Young's sentence under the Sentencing Guidelines. Counsel asserts that there are no meritorious grounds for appeal. Young was informed of his right to file a pro se supplemental brief, which he failed to file. Because our review of the entire record reveals no reversible error, we affirm.

Young contends that the district court improperly conducted the Rule 11 hearing in accepting his guilty plea. "In reviewing the adequacy of compliance with Rule 11, this Court should accord deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant." United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). Rule 11 violations are evaluated under the harmless error standard. See id. at 117. As a result, this Court may vacate a conviction resulting from a guilty "plea only if the trial court's violations of Rule 11 affected the defendant's substantial rights." Id.

The district court conducted a thorough hearing, insuring that Young understood the rights that he would forego by pleading guilty, the elements of the charge to which he was pleading guilty, the penalties he faced, the effect of supervised release, the impact of the sentencing guidelines, and the effect of the plea agreement. Further, the court ascertained that Young's plea was voluntary and that a factual basis existed for his plea. We find that the district court fully com-

_____

*Young's sentence was the lowest available in the applicable Guidelines range.

plied with Rule 11 and that this claim is without merit. <u>See id.</u> at 116-17.

Young's attorney next raises as a potential claim that the district court erroneously applied the sentencing guidelines or otherwise imposed sentence in violation of law. However, Young's failure to object during sentencing amounts to a waiver of his right to raise that issue on appeal absent plain error. <u>See United States v. Ford</u>, 88 F.3d 1350, 1355 (4th Cir.), <u>cert. denied</u>, 117 S. Ct. 496 (1996). We find no plain error in the record warranting review of Young's sentence.

In accordance with <u>Anders</u>, we have examined the entire record in this case and find no reversible error. We therefore affirm the conviction and sentence. This Court requires that counsel inform her client in writing of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. <u>See</u> Local Rule 46(d). Counsel's motion must state that a copy thereof was served on the client. <u>See id.</u> We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid the decisional process.

<u>AFFIRMED</u>

3